**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**THERESA A. MARKELL,**

**Plaintiff,**

**v.** **Case No. 8:06-cv-1720-T-TBM**

**MICHAEL J. ASTRUE,[1]**
**Commissioner of the United States**
**Social Security Administration,**

**Defendant.**
**_________________________________/**

**O R D E R**

The Plaintiff seeks judicial review of the denial of her claims for Social Security disability benefits and Supplemental Security Income payments. For the reasons set out herein, the decision is reversed and remanded.

I.

Plaintiff was fifty-six years of age at the time of her administrative hearing in August 2005. She stands 5', 4"tall and weighed 117 pounds. Plaintiff has a high school education. Her past relevant work was primarily as a secretary or administrative assistant, with jobs as a court clerk, office manager and property manager. Plaintiff applied for disability benefits and Supplemental Security Income payments in or about June and July 2003, alleging disability as

[1] Michael J. Astrue became Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this suit.

of May 17, 2000, by reason of chronic neck, shoulder and low back pain; pain in left shoulder and numbness in hand; anxiety; chronic insomnia; depression; and dizzy spells. The Plaintiff's applications were denied originally and on reconsideration.

The Plaintiff, at her request, then received a *de novo* hearing before an Administrative Law Judge ("ALJ") on August 31, 2005. The Plaintiff was represented at the hearing by counsel and testified in her own behalf. No other witnesses were called by the Plaintiff or the ALJ.

In essence, Plaintiff testified that she has been unable to work since she was in a motor vehicle accident on May 17, 2000. By her account, she severely injured her left shoulder, has suffered a loss of feeling in her left arm and left leg, and experiences daily headaches and extreme, constant pain in her neck, tailbone and lower back. Plaintiff underwent surgery to her left shoulder but it did little to alleviate the pain caused by a pinched nerve. She also claims that she has only partial use of her left arm, her feet and hands go numb, she loses her balance, and she has dizzy spells. When she moves about or bends, the pain radiates down both legs, her feet go numb, and she loses her balance. These circumstances have caused her to fall. She has tried using both heat and cold, injections, and medications to alleviate the pain without success. She takes Excedrin or Motrin for her low back pain and Excedrin Migraine or Tylenol for her headaches. She also uses Valium to help sleep at night. By her account, she suffers insomnia because of her physical condition and inability to find a comfortable position.

Plaintiff also complains of significant depression which began six years ago. The condition makes her confused such that she has to write things down and she does not want to

do anything. She claims that she cries all the time, cannot sleep, and is afraid of everything, especially leaving her home. She has taken both Prozac and Zoloft for the condition.

Plaintiff recently was hospitalized for an infection after being bitten by a cat. She has suffered domestic abuse and lived in London for several months to avoid her domestic partner.

Plaintiff testified to limited physical abilities. By her estimate, she can walk about five blocks and then experiences terrible shooting pain in her tailbone and legs and has to sit. She can stand for about ten minutes and sit for about ten to fifteen minutes but she constantly has to rotate between sitting, standing, or laying down. She estimates that she can lift a gallon of milk with both hands but describes this as “shaky.” By her account she can bend with some difficulty at the waist and pick up things but has difficulty getting back up when she does so.

Plaintiff also testified to limited daily activities. She reclines or lays down four to five hours a day between 8:00 a.m. and 5:00 p.m. At night she can sleep for three to four hours total. She has difficulty in the shower with lifting her left arm and bending down. While her landlord generally takes care of the household chores, she can do things like making a salad. She has no desire to do any hobbies, and while she used to enjoy crocheting, she no longer does. If she reads, she has difficulty concentrating. *See* Plaintiff’s testimony (R. 278-292).

Also before the ALJ were medical records outlining the Plaintiff’s medical history. These matters are addressed adequately by the parties’ memoranda and are set forth herein as necessary. Plaintiff’s date last insured for disability benefits was December 31, 2004.

By his decision of February 26, 2006, the ALJ determined that while Plaintiff has severe impairments related to chronic pain syndrome, hypothyroidism, hypertension, left shoulder impingement, recent lymphadenitis, history of alcohol dependence, depression, anxiety, and a personality disorder, she nonetheless had the residual functional capacity to perform light exertional work. By the ALJ's assessment, Plaintiff's mental impairments resulted in mild limitations in activities of daily living and maintaining social function, and moderate limitations in maintaining concentration, persistence, and pace. Upon these findings, the ALJ concluded that Plaintiff could perform her past relevant work as a sales clerk as such is defined in the Dictionary of Occupational Titles. Upon this conclusion, the Plaintiff was determined to be not disabled. (R. 18-26). The Appeals Council denied Plaintiff's request for review.[2]

II.

In order to be entitled to Social Security disability benefits and Supplemental Security Income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

---

[2]Plaintiff has filed an "Appendix A" containing correspondence from the Commissioner indicating that she was found eligible of SSI as of March 20, 2006. (Doc. 17).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.* at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards

were applied. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983).

III.

The Plaintiff raises three claims on this appeal. As stated by the Plaintiff, they are as follows:

(1) The determination by the ALJ of Plaintiff's residual functional capacity was not supported by substantial evidence;

(2) This case should be remanded because of new evidence that is non-cumulative, material and good cause exists for the failure to submit the evidence at the administrative level; and

(3) The determination by the ALJ of the claimant's RFC is not supported by the substantial evidence.

By her first claim, Plaintiff complains that the ALJ, in discussing Plaintiff's residual functional capacity ("RFC"), failed to assign any weight to the opinion of Dr. David Kalin, a non-treating, examining doctor who opined that Plaintiff should avoid repetitive, strenuous or sudden movement of the neck and mid-lower back, lifting or reaching overhead with the left shoulder/arm, lifting over five to ten pounds, repetitive bending or twisting, prolonged sitting or standing for longer than thirty minutes without a break, or other activities which might aggravate her underlying condition. *See* (R. 196-200). By this argument, the opinions of Dr. Kalin contradict the ALJ's assessment of Plaintiff's RFC and, pursuant to the regulations, the

ALJ was at least obliged to explain why he ignored this doctor's opinion. Thus, Plaintiff urges the RFC assessment is unsupported by substantial evidence and a remand is warranted.

In response, the Commissioner urges that the decision reflects that the ALJ considered Dr. Kalin's opinion and that, while the regulations do require the ALJ to explain why this doctor's opinion was not adopted, the reasons for not adopting the opinions of this doctor are fairly inferred when the decision is read in full.

As recognized by the parties, the regulations dictate that when considering medical opinions, the administration "will always consider the medical opinions in [the] case record together with the rest of the relevant evidence [received]." 20 C.F.R. §§ 404.1527(b), 416.927(b). Additionally, Social Security Ruling ("SSR") 96-8p, which addresses RFC assessments at steps four and five of the sequential evaluation, dictates that the ALJ must consider and address medical source opinions and directs that, "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."[3] SSR 96-8p, 1996 WL 374184, *7 (S.S.A.).

Upon consideration, I agree with the Plaintiff that the ALJ erred in not expressly addressing the conclusions of Dr. Kalin. Although the Commissioner correctly notes that the decision reflects the ALJ's consideration of the report from Dr. Kalin, *see* (R. 20), there is no express statement by the ALJ as to why the doctor's opinion was not adopted. Indeed, other than noting the doctor's conclusions, the ALJ makes no further reference to the doctor's opinion. While it is reasonable to infer from the decision that the ALJ discredited Dr. Kalin's report, in this instance, his reasons for doing so are not so easily inferred. My reading of the

---

[3]In this circuit, such rulings are not binding on the court but are entitled to deference. *See Fair v. Shalala*, 37 F.3d 14661469 (11th Cir. 1994).

decision in light of the medical record indicates that the ALJ gave great weight to the assessment by two nonexamining, reviewing doctors who concluded Plaintiff could perform light exertional work and otherwise ignored the assessment by Dr. Kalin to the contrary. In principle, as an examining doctor, the testimony of Dr. Kalin was entitled to more weight than that of the nonexamining doctors. *See* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1) (recognizing that greater weight is generally given to the opinions of examining medical sources than to the opinions of nonexamining sources); *see also Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir.1988) ("The opinions of nonexamining, reviewing physicians, . . . when contrary to those of examining physicians are entitled to little weight . . . ). At a minimum, the ALJ was obliged to explain this conclusion. *See Lucas v. Sullivan,* 918 F.2d 1567, 1574 (11th Cir. 1990) (recognizing that ALJ must state the weight accorded each item of impairment evidence and the reasons therefore); *Gibson v. Heckler,* 779 F.2d 619, 623 (11th Cir. 1986) (same). Furthermore, in this circuit, evidence from nonexamining, reviewing doctors does not constitute substantial evidence on which to base an administrative decision.[4] *See Lamb,* 847 F.2d at 703. Under these circumstances, the ALJ was not at liberty to leave his conclusions about Dr. Kalin's report unexplained. While I make no finding on the weight to be given Dr. Kalin's assessment, the case is appropriately remanded for further evaluation of his report by the ALJ and a clear statement as to the weight afforded his assessment. All medical evidence appropriate for consideration by the ALJ at that time shall also be considered.

---

[4]On the other hand, a written report of a licensed examining physician setting forth his medical findings in his area of expertise may constitute substantial evidence. *See Richardson*, 402 U.S. at 402.

On this conclusion, it is unnecessary to reach Plaintiff's other claims. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986).

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is not supported by substantial evidence or is not in accordance with the correct legal standards. The decision is reversed and remanded for further proceedings before the Commissioner consistent with this Order. Accordingly, the Clerk is directed to enter Judgment in favor of the Plaintiff and to close the case.

**Done and Ordered** at Tampa, Florida, this 19th day of December 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record